IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES L. BARRIBEAU<br>58 Murray Place<br>8014 Christchurch Canterbury<br>New Zealand,<br><br>and<br><br>CATHERINE SOLOMON<br>a/k/a CATHERINE BARRIBEAU<br>58 Murray Place<br>8014 Christchurch Canterbury<br>New Zealand,<br><br>    Defendants. | Case No.  25-3888 |

## COMPLAINT

Plaintiff UNITED STATES OF AMERICA, at the request and with the authorization of a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect the penalties assessed under 31 U.S.C. § 5321(a)(5) against Defendants JAMES L. BARRIBEAU and CATHERINE SOLOMON for their willful failure to report their interest in foreign financial accounts from the tax years 2005 through 2012.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345 and 1355 because it arises under a federal statute, it is for the enforcement of a penalty incurred under an Act of Congress, and because the United States is the plaintiff.

2. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because Defendants James Barribeau and Catherine Solomon do not reside in the United States.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant James Barribeau (Barribeau) is, and was at all relevant times, a United States citizen.

5. Defendant Catherine Solomon (Solomon) is, and was at all relevant times, a United States citizen.

## BACKGROUND

6. The United States incorporates Paragraphs 1 through 5 as if fully set forth herein.

7. Barribeau was born in Wisconsin, United States. He is a United States citizen subject to the reporting requirements of 31 U.S.C. § 5314(a).

8. Solomon was born in London, United Kingdom and grew up in South Africa. In 1976, Solomon moved to the United States and subsequently became a United States citizen subject to the reporting requirements of 31 U.S.C. § 5314(a).

9. Barribeau and Solomon (collectively, Defendants) married in Ithica, New York in 1977.

10. In 1984, Defendants moved to South Africa where they lived until 1991 when they moved to New Zealand. Defendants became New Zealand citizens in 2003.

11. While in New Zealand between the years 2005 and 2012 (the years at issue), Barribeau and Solomon opened several savings and retirement accounts at various financial institutions. Defendants funded the accounts with Barribeau's earnings as an English teacher and large inheritances that Solomon received from her grandfathers.

## JAMES BARRIBEAU

12. The United States incorporates Paragraphs 1 through 11 as if fully set forth herein.

13. During the years at issue, Barribeau had an individual interest in, or signature or other authority over, ANZ Bank (NZ) account ending in 8850; the Macquarie Private Wealth (NZ) account ending in 8480; and the Standard Bank (South Africa) account ending in 082.

14. Barribeau also had a joint interest in, or signature or other authority over, the following financial accounts during the years at issue:

    a. ANZ Bank accounts ending in 3250, 3205, 3200, and 3246;

    b. Equity Trustees (AUS) account ending in 890;

    c. Forsyth Barr (NZ) account ending in 802;

    d. Macquarie Private Wealth accounts ending in 7300 and 7449;

    e. Kiwibank (NZ) accounts ending in 6202, 6203, 6204, and 6200; and

    f. Ellerie Cornwall, account number unknown.

15. During the years at issue, the aggregate balance of these accounts exceeded $10,000.

16. Every person who is a citizen or resident of the United States who has a financial interest in, or signature or other authority over, foreign financial accounts with an aggregate maximum value of greater than $10,000 at any point during the calendar year is required to file an annual report disclosing the existence of each account. 31 U.S.C. § 5314; 31 C.F.R. § 1010.350; 31 C.F.R. § 1010.306.

17. For each of the years at issue, the annual report, known as a Report of Foreign Bank and Financial Accounts ("FBAR") was due no later than June 30 of each following calendar year.  31 C.F.R. § 1010.306(c).

18. Barribeau was required to file an FBAR reporting his financial interest in the accounts described in Paragraphs 13 and 14 on or before June 30, 2006, 2007, 2008, 2009, 2010, 2011, 2012, and 2013.

19. Barribeau was aware of his duty to file the required FBARs as early as 2001 when he first filed an FBAR. Barribeau then did not file another FBAR until 2014.

20. Barribeau did not timely file FBARs reporting his interest in his foreign bank accounts for the years at issue.

21. Barribeau's failure to timely report his interest in his foreign bank accounts for the years at issue was willful.

## COUNT I

### JUDGMENT FOR CIVIL FBAR PENALTIES ASSESSED AGAINST JAMES L. BARRIBEAU

22. The United States incorporates Paragraphs 1 through 21 as if fully set forth herein.

23. On November 17, 2023, a delegate of the Secretary of the Treasury assessed the following civil penalties against Barribeau under 31 U.S.C. § 5321(a)(5):

| Tax Year | FBAR Penalty (§5321) Assessment |
|---|---|
| 12/31/2005 | $114,388 |
| 12/31/2006 | $189,082 |
| 12/31/2007 | $179,333 |
| 12/31/2008 | $99,003 |
| 12/31/2009 | $100,494 |
| 12/31/2010 | $117,095 |
| 12/31/2011 | $143,661 |
| 12/31/2012 | $167,341 |
| **Total** | **$1,110,397** |

24. A delegate of the Secretary of the Treasury sent notice of the assessments described in Paragraph 23 to Barribeau and demanded payment of the assessments on December 20, 2023.

25. Despite notice and demand, Barribeau has failed to fully pay the penalties described above in Paragraph 23.

26. Interest and late-payment penalties have accrued, and will continue to accrue, on the penalties described in Paragraph 23 pursuant to 31 U.S.C. § 3717 until they are paid in full.

27. As of November 17, 2023, Barribeau is indebted to the United States with respect to the penalties described in Paragraph 23 in the amount of **$1,110,397**,

plus statutory additions that will continue to accrue thereafter as provided by law until the penalties are paid in full.

WHEREFORE, the United States respectfully asks that the Court:

A. Enter judgment in favor of the United States and against James L. Barribeau, with respect to the civil penalty assessments described above in Paragraph 23 in the amount of **$1,110,397** as of November 17, 2023, plus additional interest and penalties accruing thereafter according to law until paid in full;

B. Award the United States its costs incurred in prosecuting this action; and

C. Such other and further relief as the Court deems just and proper.

## CATHERINE SOLOMON

28. During the years at issue, Solomon had an individual interest in, or signature or other authority over, the following financial accounts:

   a. Macquarie Private Wealth account ending in 8557;

   b. Coutts Bank accounts ending in 382 and 237 / 783;

   c. Natwest accounts ending in 378 and 062; and

   d. Hottinger accounts 570 and 620.

29. Solomon also had a joint interest in, or signature or other authority over, the following financial accounts during the years at issue:

   a. ANZ Bank accounts ending in 3250, 3205, 3200, and 3246;

   b. Equity Trustees (AUS) account ending in 890;

    c. Forsyth Barr (NZ) account ending in 802;

    d. Macquarie Private Wealth accounts ending in 7300 and 7449;

    e. Kiwibank (NZ) accounts ending in 6202, 6203, 6204, and 6200; and

    f. Ellerie Cornwall, account number unknown.

30. During the years at issue, the aggregate balance of these accounts exceeded $10,000.

31. Every person who is a citizen or resident of the United States who has a financial interest in, or signature or other authority over, foreign financial accounts with an aggregate maximum value of greater than $10,000 at any point during the calendar year is required to file an annual report disclosing the existence of each account. 31 U.S.C. § 5314; 31 C.F.R. § 1010.350; 31 C.F.R. § 1010.306.

32. For each of the years at issue, the annual report, known as a Report of Foreign Bank and Financial Accounts ("FBAR") was due no later than June 30 of each following calendar year.  31 C.F.R. § 1010.306(c).

33. Solomon was required to file an FBAR reporting her financial interest in the accounts described above in Paragraphs 28 and 29 on or before June 30, 2006, 2007, 2008, 2009, 2010, 2011, 2012, and 2013.

34. Solomon was aware of her duty to file the required FBARs as early as 2001 when her husband, Barribeau, filed an FBAR on his and her behalf.

35. Additionally, during at least the years at issue, Barribeau and Solomon handled their financial affairs together and most of their accounts were jointly held. During that time, Solomon and Barribeau had the same accountants and financial

advisors, and they were each other's estate beneficiaries. Also during that time, Solomon had access to resources and professionals to easily acquire information about her U.S. reporting requirements.

36. For the years at issue, Solomon either knew about the FBAR reporting requirement or recklessly failed to acquire the necessary information when she could have easily done so.

37. Solomon did not timely file FBARs reporting her interest in her foreign bank accounts for the years at issue.

38. Solomon's failure to timely report her interest in her foreign bank accounts for the years at issue was willful.

## COUNT II

### JUDGMENT FOR CIVIL FBAR PENALTIES ASSESSED AGAINST CATHERINE SOLOMON

39. The United States incorporates Paragraphs 28 through 38 as if fully set forth herein.

40. On November 9, 2023, a delegate of the Secretary of the Treasury assessed the following civil penalties against Solomon under 31 U.S.C. § 5321(a)(5):

| Tax Year | FBAR Penalty (§5321) Assessment |
|---|---|
| 12/31/2005 | $181,562 |
| 12/31/2006 | $276,060 |
| 12/31/2007 | $393,562 |
| 12/31/2008 | $288,429 |
| 12/31/2009 | $293,807 |
| 12/31/2010 | $341,435 |
| 12/31/2011 | $356,424 |
| 12/31/2012 | $390,630 |
| **Total** | **$2,521,909** |

41. A delegate of the Secretary of the Treasury sent notice of the assessments described in Paragraph 40 to Solomon and demanded payment of the assessments on November 14, 2023.

42. Despite notice and demand, Solomon has failed to fully pay the penalties described above in Paragraph 40.

43. Interest and late-payment penalties have accrued, and will continue to accrue, on the penalties described above in Paragraph 40 pursuant to 31 U.S.C. § 3717 until they are paid in full.

44. As of November 9, 2023, Solomon is indebted to the United States with respect to the penalties described above in Paragraph 40 in the amount of **$2,521,909,** plus statutory additions that continue to accrue thereafter as provided by law until the penalties are paid in full.

WHEREFORE, the United States respectfully asks that the Court:

D. Enter judgment in favor of the United States and against Catherine Solomon, with respect to the civil penalty assessments described in Paragraph 40 in the amount of **$2,521,909** as of November 9, 2023, plus additional interest and penalties accruing thereafter according to law until paid in full;

E. Award the United States its costs incurred in prosecuting this action; and

    F.    Such other and further relief as the Court deems just and proper.

Dated: November 7, 2025

    *s/ Joycelyn S. Peyton*
JOYCELYN S. PEYTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 514-6576
Fax: (202) 514-6866
Joyceylyn.S.Peyton@usdoj.gov
*Attorney for the United States of America*